# CIRCUIT COURT OF BALTIMORE CITY.

Filed January 18, 1908.

---

ALICE M. WOLF ET AL.

VS.

HUGH A. NORMAN, EXECUTOR, ETC.

---

*A. Leo Knott* for plaintiffs.

*Wilson J. Carroll* for defendant.

ELLIOTT, J.—

The contention in this cause is as to the ownership of fifteen shares of the capital stock of the State Mutual Building Association.

The certificate for said stock is No. 316, issued on the 6th day of May, 1904, and stands in the names of "Margaret V. Carr and Alice M. Halpin and Mary A. Halpin, and the survivors and suvivor of them."

The question now to be answered is as to whether said stock is a part of the estate of Margaret V. Carr, and has passed to her executor, Hugh A. Norman, or is the property of Alice M. Halpin, whose married name is Alice M. Wolf, and Mary A. Halpin, as the survivors of the said Margaret V. Carr.

There can be no doubt since the decision in the case of Brewer vs. Bowersox, 92 Md., 572, that joint tenancies may be created in personalty as in realty, and there will be no difficulty in construing the phraseology used in the certificates as creating a joint-tenancy as to said stock in the parties mentioned, with the incidents attending survivorship.

Confining ourselves to this phrase of the matter, therefore, there can be no doubt that upon the death of Margaret V. Carr, said stock passed to the other two parties whose names are mentioned in the certificate, they being her survivors and answering exactly the discription of those who were to be the next holders.

But, says the executor of Margaret V. Carr, said stock belonged to and was purchased with the money of Margaret V. Carr, and has passed to me.

As to the original ownership of five shares of this stock, and of the money with which the remaining ten shares were purchased, there can be no dispute.

But it is clear that owning said stock and said money, it was still possible for the said Margaret V. Carr to dispose of it in such manner as to give to others, rights qualifying and superseding her own.

It therefore becomes necessary to inquire into the circumstances attend-

ing the issue of said certificate of stock, and to ascertain the effect of such issue.

Alice M. Wolfe, called in her own behalf without objection, testified that she went with her aunt, Mrs. Margaret V. Carr, to the office of her attorney to consult him as to whether or not she could have three names put on the certificate for five shares which she already had, and extra ones which she wished to take out, and was told by him that he would have to consult the directors of the society; that she thereupon left with him the certificate for the five shares, and she, the witness, was afterwards shown by her aunt the certificate for the fifteen shares, which stood in the three names.

William S. Dubel, Secretary of the State Mutual Building Association, testified, that the written parts of the certificates, were in the handwriting of John R. Hooper, the Treasurer of the Association, and the proper officer to issue certificates of stock.

Dr. Edward P. McDevitt testified that he had a number of conversations with Mrs. Carr, during her sickness, in which she referred to some stock which was connected, directly or indirectly with the Commonwealth Bank. which had been purchased by her in her name, and in the names of the two girls Alice and Mary Halpin, and that a couple of months before her death, in a conversation in reference to said stock, Mrs. Carr had told him she had already fixed it beforehand.

The testimony quoted, none of which has been contradicted, is sufficient to show that the certificate in controversy had been issued at the request of Mrs. Carr, in accordance with her expressed intention, and was understood by her as making a final disposition of the stock. She did retain the certificate in her possession, and appears to have collected all dividends, but those facts in no way militate against the claim of the two nieces who were to take by survivorship.

This court is clearly of the opinion that the stock covered by the certificate is no part of the estate of the decedent, but belongs to Alice M. Wolf and Mary A. Halpin, as joint tenants.

A decree will be signed in accordance with this opinion.